IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JENNIFER CARTWRIGHT, individually and as the personal representative of the heirs and Estate of Cameron Rutherford; and SCOTT RUTHERFORD, individually,<br><br>Plaintiffs,<br>v.<br><br>HOODOO LAND HOLDINGS, LLC, *dba* PRESTON NUTTER RANCH; PRESTON NUTTER RANGE CREEK HOLDINGS, LLC; HUNT CONSOLIDATED, INC.; HUNT HOODOO LAND HOLDINGS;<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE AMENDED COMPLAINT<br><br><br>Case No. 2:24-cv-00376-TS-JCB<br><br>District Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

This matter comes before the Court on Plaintiffs' Motion to Amend the Amended Complaint.[1] For the reasons discussed below, the Court will grant the Motion and allow Plaintiffs to file a Second Amended Complaint within seven days of this Order.

I. BACKGROUND

Plaintiffs sue Defendants for claims related to the death of Cameron Rutherford ("Mr. Rutherford"), which occurred on June 25, 2023, at a cabin located in Carbon County, Utah. Plaintiff Jennifer Cartwright is Mr. Rutherford's mother and Plaintiff Scott Rutherford is Mr. Rutherford's father.[2] Plaintiffs allege that Defendants HooDoo Land Holdings, LLC *dba* Preston Nutter Ranch, Preston Nutter Range Creek Holdings, LLC, and Hunt Consolidated, Inc.

---

[1] Docket No. 46.

[2] Docket No. 45 ¶¶ 1–2.

(collectively "Hunt") owned, managed, operated and/or maintained Preston Nutter Ranch (the "Ranch"), including the cabin where Mr. Rutherford resided and where he ultimately passed away.[3] Plaintiffs seek to add Hunt Oil Company as a defendant in this matter. Plaintiffs assert that discovery in this matter implicates Hunt Oil and it should be added as a party to the case via a Second Amended Complaint.[4]

## II. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[5] "[T]he court should freely give leave [to amend] when justice so requires,"[6] because "[t]he purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[7]

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[8] "A general presumption exists in

---

[3] *Id.* ¶¶ 3, 8, 11.

[4] Docket No. 46, at 5.

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Id.*

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[8] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

favor of allowing a party to amend its pleadings, and the non-moving party bears the burden of showing that the proposed amendment is improper."[9]

III. ANALYSIS

Defendants object to the amendment on the basis that it is futile because the Court lacks personal jurisdiction over the proposed new defendant, Hunt Oil. However, there is no requirement that "a court . . . determine whether personal jurisdiction exists before allowing amendment to add a new party, particularly where the new party has not appeared or asserted lack of personal jurisdiction."[10]

Next, Defendants argue that the Motion should be denied because it fails to state a claim for negligence against Hunt Oil because it was not an owner or possessor of the Ranch at the time of the incident and did not owe Mr. Rutherford a duty of care.[11]

"[I]t is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions."[12] Here, the Court does not believe that the instant

---

[9] *Carrazco v. Morrison*, No. 21-cv-01277-NYW, 2022 WL 2666031, at *2 (D. Colo. July 11, 2022) (citing *Foman*, 371 U.S. at 182; *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[10] *Simple Prods. Corp. v. Chia-Ling Huang*, No. 2:19-cv-00317-DBB-DAO, 2021 WL 2210308, at *4 (D. Utah June 1, 2021).

[11] Docket No. 69, at 10.

[12] *Simple Prods. Corp*, 2021 WL 2210308, at *4. *See Lambe v. Sundance Mountain Resort*, No. 2:17-cv-00011-JNP, 2018 WL 4558413, at *3 (D. Utah Sept. 21, 2018) (declining to engage in a futility analysis when "the viability of [the] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *JDK, LLC v. Hodge,* No. 15-cv-00494-NYW, 2015 WL 5766466, at *2 (D. Colo. Oct. 2, 2015) ("With a mind to the interests of judicial economy, this court exercises its discretion in declining to engage in a detailed futility analysis where [the d]efendants' arguments are better suited for consideration in the context of their [m]otions to [d]ismiss."); *Gen. Steel Domestic Sales, LLC v. Steelwise*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (concluding that the futility argument "seems to place the cart before the horse[;] [r]ather than force a Rule

Motion is the appropriate avenue for the parties and the Court to properly analyze these arguments, particularly because Hunt Oil is not raising these arguments itself. The Court will therefore exercise its discretion to decline to analyze futility regarding these issues as they are more appropriately suited for dispositive motions.

Defendants do not otherwise challenge the Motion under Rule 15. Accordingly, the Court does not find undue delay, undue prejudice, bad faith or dilatory motive, or failure to cure deficiencies by amendments previously allowed. Therefore, the Court will grant the Motion and directs Plaintiffs to file their Second Amended Complaint within seven (7) days of this Order.

## IV. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Amend the Amended Complaint (Docket No. 46) is GRANTED; it is further

ORDERED that Plaintiffs file their Second Amended Complaint within seven (7) days of this Order.

DATED  February 2, 2026.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place").