# THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **JENNIFER CARTWRIGHT, individually and as the personal representative of the heirs and Estate of Cameron Rutherford; and SCOTT RUTHERFORD, individually,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**HOODOO LAND HOLDINGS, L.L.C., dba PRESTON NUTTER RANCH; PRESTON NUTTER RANGE CREEK HOLDINGS, LLC; HUNT CONSOLIDATED, INC.; HUNT OIL COMPANY; WHIRLPOOL CORPORATION; and WHIRLPOOL CORPORATION SOUTH AMERICA,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:24-cv-00376-TS-JCB**<br><br><br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Jared C. Bennett** |

## BACKGROUND[1]

The genesis of this case is the death of Cameron Rutherford.[2] Plaintiffs Jennifer

Cartwright and Scott Rutherford (collectively, "Plaintiffs") allege that Cameron Rutherford died

from carbon monoxide poisoning while staying in a cabin at Preston Nutter Ranch ("Ranch"),

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 11.

[2] *See generally* ECF No. 113.

which is where he was working at the time of his death.[3] Plaintiffs assert various claims against Defendants based upon that incident.[4]

During discovery, Plaintiffs moved to compel Defendants Hoodoo Land Holdings, L.L.C. dba Preston Nutter Ranch ("HLH"); Preston Nutter Range Creek Holdings, LLC ("PNRCH"); and Hunt Consolidated, Inc. ("HCI") to provide complete responses to Interrogatory No. 1 and Request for Production No. 1 in Plaintiffs' second set of discovery requests.[5] In those discovery requests, Plaintiffs sought certain financial information from HLH, PNRCH, and HCI that Plaintiffs asserted was relevant to punitive damages. The court held a hearing on Plaintiffs' motion and took it under advisement.[6] In a January 7, 2026 Memorandum Decision and Order ("January 7 MDO"), the court granted in part and denied in part Plaintiffs' motion.[7] The court ordered HLH and HCI to respond to Plaintiffs' Interrogatory No. 1 and Request for Production No. 1 but required HLH and HCI to produce only the financial information each entity currently possessed for the one-year period prior to the date of production.[8]

HLH, PNRCH, and HCI then moved for a stay of HCI's compliance with the January 7 MDO.[9] HLH, PNRCH, and HCI also moved for: (1) reconsideration of the January 7 MDO's requirement that HCI respond to Plaintiffs' Interrogatory No. 1 and Request for Production No.

---

[3] *See generally id.*

[4] *See generally id.*

[5] ECF No. 79.

[6] ECF No. 85.

[7] ECF No. 90.

[8] *Id.* at 5-11.

[9] ECF No. 93.

1; and (2) for leave to submit additional briefing on the issue of whether HCI could be subject to punitive damages.[10] HLH, PNRCH, and HCI argued that HCI was neither a possessor of the Ranch at the time of Cameron Rutherford's death nor Cameron Rutherford's employer, and, therefore, HCI cannot be held liable for punitive damages.[11]

Thereafter, the court held two status conferences to discuss the issues raised in the aforementioned motions.[12] At the final status conference, the court denied without prejudice HLH, PNRCH, and HCI's motion to reconsider and for additional briefing.[13] The court also set a briefing schedule on HLH, PNRCH, and HCI's motion for a stay of HCI's compliance with the January 7 MDO.[14]

District Judge Ted Stewart subsequently granted Plaintiffs' motion for leave to amend their first amended complaint.[15] Plaintiffs filed their second amended complaint, which added Defendant Hunt Oil Company ("HOC").[16] In response, HCI, PNRCH, and HOC moved to dismiss,[17] and HLH answered.[18] In HCI and PNRCH's motion to dismiss, they reiterated the argument that HCI was not a possessor of the Ranch at the time of Cameron Rutherford's death

---

[10] ECF No. 94.

[11] *Id.*

[12] ECF No. 104; ECF No. 106.

[13] ECF No. 106; ECF No. 107.

[14] ECF No. 106; ECF No. 107.

[15] ECF No. 108.

[16] ECF No. 113.

[17] ECF No. 124; ECF No. 126.

[18] ECF No. 125.

and was not Cameron Rutherford's employer.[19] Plaintiffs opposed HCI and PNRCH's motion to dismiss[20] and opposed HOC's motion to dismiss.[21] Concurrently, Plaintiffs filed a motion requesting that, in the event the two pending motions to dismiss are not denied based on the sufficiency of the pleadings, those motions be converted into motions for summary judgment under Fed. R. Civ. P. 12(d).[22] Plaintiffs further requested that they be permitted to conduct additional discovery on the motions for summary judgment under Fed. R. Civ. P. 56(d).[23] HCI and PNRCH's motion to dismiss, HOC's motion to dismiss, and Plaintiffs' Rule 56(d) motion are all pending before Judge Stewart.

While those motions were being briefed, Plaintiffs served a notice seeking a collective Fed. R. Civ. P. 30(b)(6) deposition of HLH, PNRCH, HCI, and HOC.[24] Several days later, HLH, PNRCH, HCI, and HOC filed a short form discovery motion for a protective order to stay the deposition.[25] Plaintiffs opposed that motion.[26]

**ANALYSIS**

For the reasons explained below, the court grants: (I) HLH, PNRCH, and HCI's motion for a stay of HCI's compliance with the January 7 MDO pending resolution of HCI's motion to

---

[19] ECF No. 124.

[20] ECF No. 135.

[21] ECF No. 134.

[22] ECF No. 136.

[23] *Id.*

[24] ECF No. 128-1.

[25] ECF No. 128.

[26] ECF No. 133.

dismiss; and (II) HLH, PNRCH, HCI, and HOC's short form discovery motion for a protective order to stay their Rule 30(b)(6) deposition. Each motion is addressed in turn.

I.      **The Court Grants HLH, PNRCH, and HCI's Motion to Stay HCI's Compliance With the January 7 MDO Pending Resolution of HCI's Motion to Dismiss.**

The court grants HLH, PNRCH, and HCI's motion to stay HCI's compliance with the January 7 MDO pending resolution of HCI's motion to dismiss. "District courts 'have broad discretion in deciding whether to issue a stay of discovery.'"[27] When considering a motion to stay, the court is mindful that "the right to proceed in court should not be denied except under the most extreme circumstances."[28] Accordingly, a party seeking a stay "must make a strong showing of necessity because the relief would severely affect the rights of others."[29] "That is, 'if even a fair possibility exists that the stay would damage another party,' the movant 'must

---

[27] *Classic Aviation Holdings LLC v. Harrower*, No. 2:20-CV-00824-RJS-JCB, 2021 WL 633587, at *2 (D. Utah Feb. 18, 2021) (quoting *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-CV-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015)) (other quotations and citation omitted); *see also* *Garner v. Cincinnati Ins. Co.*, No. 2:24-CV-00378-TC-DAO, 2025 WL 2061923, at *2 (D. Utah July 23, 2025) ("The court's power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936))).

[28] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation modified); *see also* *Classic Aviation Holdings LLC*, 2021 WL 633587, at *2 (same); *White Knuckle, IP, LLC*, 2015 WL 5022579, at *1 (same).

[29] *Commodity Futures Trading Comm'n*, 713 F.2d at 1484; *see also* *White Knuckle, IP, LLC*, 2015 WL 5022579, at *1 (same).

demonstrate a clear case of hardship or inequity.'"[30] Thus, "[t]he party seeking a stay generally faces a difficult burden."[31]

"When determining whether to grant a stay, the court must weigh competing interests and consider the effects of the stay on the [c]ourt's docket, on counsel, and on the litigants."[32] "The mere pendency of a dispositive motion, in and of itself, is generally not sufficient to support the issuance of a stay."[33]

> In deciding whether to grant a motion to stay pending resolution of a dispositive motion, courts consider factors such as: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.[34]

Based upon the following consideration of those factors, the court grants HLH, PNRCH, and HCI's motion to stay HCI's compliance with the January 7 MDO pending resolution of HCI's motion to dismiss. First, although the court acknowledges that Plaintiffs have an interest in proceeding with this case, the court is unpersuaded that Plaintiffs will be prejudiced by the delay resulting from a stay. Although Plaintiffs argue that they will be prejudiced if they cannot obtain HCI's financial information now, they also contend that the information is relevant to a potential award of punitive damages against HCI. If Judge Stewart denies HCI's motion to dismiss, the

---

[30] *Classic Aviation Holdings LLC*, 2021 WL 633587, at *2 (quoting *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)).

[31] *White Knuckle, IP, LLC*, 2015 WL 5022579, at *1 (citation modified); *see also Classic Aviation Holdings LLC*, 2021 WL 633587, at *2 (same).

[32] *Lewis v. eAssist, Inc.*, No. 2:22-CV-00121, 2022 WL 1224978, at *1 (D. Utah Apr. 26, 2022) (citation modified).

[33] *Id.* (citation modified).

[34] *Id.* at *1-2 (citation modified); *see also Garner*, 2025 WL 2061923, at *2 (same).

issue of whether HCI is subject to an award of punitive damages will be decided much later in this case. Further, there is no indication that HCI's financial information is at risk of becoming unavailable if the court were to impose a stay. Plaintiffs also maintain that they will be prejudiced by a stay because they will be unable to adequately oppose HCI's motion to dismiss—which they contend should be converted to a motion for summary judgment—without production of HCI's financial information. However, by filing their Rule 56(d) motion, Plaintiffs have now placed that issue before Judge Stewart, not this court. Because Judge Stewart will ultimately determine that issue, the court is not persuaded that Plaintiffs will be prejudiced by a stay pending Judge Stewart's ruling. For those reasons, the first factor weighs in favor of a stay.

Second, there would be minimal burden imposed on HCI in the absence of a stay. HCI does not contend that producing its financial information would be burdensome from the perspective of either cost or effort. Therefore, this factor weighs against a stay.

Third, a stay will be more convenient to the court and consistent with principles of judicial economy. If this court were to order HCI's compliance with the January 7 MDO, that could conflict with Judge Stewart's decision on Plaintiffs' Rule 56(d) motion. Additionally, by requiring HCI to comply with the January 7 MDO, this court would be implicitly determining that HCI could be subject to an award of punitive damages, which could complicate Judge Stewart's ruling on HCI's motion to dismiss. Permitting Judge Stewart to make those determinations in the first instance promotes convenience for the court and judicial economy. Consequently, this factor weighs in favor of a stay.

Fourth, requiring HCI to comply with the January 7 MDO prior to resolution of its motion to dismiss will affect the interests of entities that are not parties to this case. HLH,

PNRCH, and HCI assert that HCI has many private subsidiaries—which are not parties to this case—and that disclosure of HCI's financial information would result in disclosure of financial information about those entities. Before requiring such disclosure, it is prudent to permit Judge Stewart to determine whether HCI should remain in this case. Thus, this factor favors a stay.

Finally, the public interest is not substantially implicated by the imposition of a stay. Accordingly, that factor is neutral. On balance, consideration of the relevant factors weighs in favor of granting a stay of HCI's compliance with the January 7 MDO pending resolution of HCI's motion to dismiss. Therefore, the court grants HLH, PNRCH, and HCI's motion to stay.

## II. The Court Grants HLH, PNRCH, HCI, and HOC's Short Form Discovery Motion for a Protective Order to Stay Their Rule 30(b)(6) Deposition.

The court grants HLH, PNRCH, HCI, and HOC's short form discovery motion for a protective order to stay their Rule 30(b)(6) deposition. As for PNRCH, HCI, and HOC, the court grants their motion to stay their Rule 30(b)(6) deposition pending resolution of their motions to dismiss because the following consideration of the relevant factors weighs in favor of a stay. First, the court again acknowledges that although Plaintiffs have an interest in proceeding with this case, the court is not convinced that a delay will prejudice Plaintiffs. Plaintiffs argue that a stay will prejudice their need to conduct Rule 30(b)(6) depositions to adequately oppose PNRCH and HCI's motion to dismiss and HOC's motion to dismiss. However, similar to the discussion above, Judge Stewart will ultimately determine that issue in his ruling on Plaintiffs' Rule 56(d) motion. Thus, the court is unpersuaded that Plaintiffs will suffer prejudice from a stay pending Judge Stewart's ruling. Therefore, the first factor weighs in favor of a stay.

Second, there would be some burden imposed on PNRCH, HCI, and HOC in the absence of a stay. However, because the effort and expense associated with a Rule 30(b)(6) deposition are not an undue burden, this factor weighs against a stay.

Third, a stay will promote convenience for the court and judicial economy. Consistent with the discussion above, if this court were to order PNRCH, HCI, and HOC's Rule 30(b)(6) deposition to go forward, that could conflict with Judge Stewart's ruling on Plaintiffs' Rule 56(d) motion. Allowing Judge Stewart to make that ruling will be more convenient for the court and promote judicial economy. Accordingly, this factor weighs in favor of a stay.

Finally, because the interests of nonparties and the public interest will not be affected by a stay, those factors are neutral. Because consideration of the relevant factors weighs in favor of a stay of PNRCH, HCI, and HOC's Rule 30(b)(6) deposition, the court grants their short form discovery motion for a protective order to stay that deposition.

Turning to HLH, the court notes that HLH answered Plaintiffs' second amended complaint rather than moving to dismiss. Consequently, Plaintiffs may take HLH's Rule 30(b)(6) deposition. Nevertheless, the court grants HLH's short form motion for a protective order to stay the Rule 30(b)(6) deposition Plaintiffs noticed because Plaintiffs' deposition notice is not directed only to HLH. Instead, Plaintiffs deposition notice seeks a collective deposition of HLH, PNRCH, HCI, and HOC. Thus, it is unclear whether all the topics in Plaintiffs' deposition notice are applicable to HLH. Therefore, the court stays the deposition of HLH as noticed. However, Plaintiffs are free to serve on HLH a new notice of a Rule 30(b)(6) deposition if they choose to do so.

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1.      HLH, PNRCH, and HCI's motion for a stay of HCI's compliance with the January

    7 MDO pending resolution of HCI's motion to dismiss[35] is GRANTED.

2.      HLH, PNRCH, HCI, and HOC's short form discovery motion for a protective

    order to stay their Rule 30(b)(6) deposition[36] is GRANTED.

IT IS SO ORDERED.

DATED this 5th day of May 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[35] ECF No. 93.

[36] ECF No. 128.